JAMES W. MEDLIN, APPELLEE, v. WILLIAM L. HUFFMAN, APPELLANT.

FILED JUNE 16, 1913. No. 17,255.

Appeal: INSTRUCTIONS: HARMLESS ERROR. Where a statement of law contained in a portion of an instruction complained of as error relates to facts which the jury found did not exist, the alleged error is immaterial and will not be considered.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Charles W. Haller,* for appellant.

*Clement L. Waldron, contra.*

LETTON, J.

Action to recover for damages and for money expended in repairs to a motor buggy left with the appellant for sale. The answer is a general denial. Plaintiff recovered, and defendant appeals.

Plaintiff bought the vehicle in June, 1908, paying $475 for it. After being used more or less, he brought it to defendant, who is a dealer in automobiles, about February, 1909, and left it with him at his place of business. There is a direct conflict in the testimony as to what arrangement was made when this was done; the plaintiff testifying that the agreement was that it was left with defendant for sale, defendant then claiming to have a customer; and that it was further agreed $200 of the purchase price should be

paid to plaintiff, and all money received above that amount should be retained by defendant for his services in selling the buggy. Plaintiff's wife corroborates this testimony, while defendant denied that any such conversation was had. His testimony is to the effect that he told plaintiff that he might leave the machine at his place of business, and that it would not cost him anything. Five witnesses testify that the buggy was in fair or good running order when it was left with the defendant, and an equal number testify to the contrary. A letter was introduced in evidence from the plaintiff to the manufacturers of the machine, introducing Mr. Huffman, complaining that the machine had never worked well, suggesting that they make the defective parts good, and concluding that Mr. Huffman "will explain the matter fully to you." Medlin testified that he wrote this letter at Huffman's request and under his direction. A number of witnesses testify to the value of the machine at the time Huffman received it, fixing the value from $250 to $300, while Mr. Huffman testified it was worth from $35 to $100. Other witnesses testify it was worth only $35 to $40 when received by Huffman. Mr. Huffman also denies knowing the contents of this letter until he received it in Chicago.

The trial court instructed the jury: "Should the proofs show the buggy was left for sale on commission, then the defendant owed an ordinary and reasonable degree of care during such custody. Should the proofs show a simple storage without charge therefor, then the defendant owed simply the duty of keeping with slight care and not wantonly injure. You are instructed that by the term 'slight care' is meant such degree of care as one ordinarily takes of his own property."

The appellant claims that the court erred in defining slight care in this instruction. Since the jury found that the buggy was left for sale on commission, this portion of the instruction, whether right or wrong, had no effect upon the verdict and could not be prejudicial error if erroneous.

The only other complaint made is that the court erred in

permitting one witness to testify as to the value of the vehicle without being properly qualified as to his knowledge of values. Since a number of other witnesses fix the value much higher than did this witness, and since the verdict was for much less than the value fixed by him, we do not think this affected defendant's substantial rights or constitutes reversible error.

The judgment of the district court is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.